## Fredelle Footwear, Inc. v. Lou's Shoe Bazaar, Inc.

*Bruce A. Irvine,* for plaintiff.
*Edward A. Gallagher,* for defendant.

SAND, J., October 22, 1973.—Plaintiff, a Florida corporation, has filed a complaint in assumpsit against defendant for goods sold and delivered to defendant in the amount of $36,724.84. Defendant has filed preliminary objections in the nature of a motion to dismiss for lack of capacity to sue.

Defendant's objection is based on the Act of May 5, 1933, P. L. 364, as amended, 15 PS §2014A, which

provides that a foreign business corporation transacting business in Pennsylvania without a certificate of authority is not permitted to maintain any action in the courts of this Commonwealth. It is undisputed that plaintiff is a foreign business corporation which carried on certain business activities in Pennsylvania without a certificate of authority to act in Pennsylvania.

However, a review of depositions of plaintiff's president reveals that only one of plaintiff's salesmen covered Pennsylvania. Orders for plaintiff's wares, shoes imported from Italy, were solicited in Pennsylvania at shows or in hotel rooms. The orders were sent to Florida and were not binding until approved and accepted by plaintiff in Florida. The shoes would be shipped from Italy to New York, cleared by New York brokers and distributed by common carrier. Plaintiff owns no real estate and maintains no office in Pennsylvania.

The facts recited in the foregoing paragraph clearly place plaintiff's activities within the exemption act, 15 PS §2001B(6), which provides that foreign business corporations shall not be considered to be doing business in Pennsylvania under section 2014, supra, where the activities in the Commonwealth are:

"Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, and maintaining offices therefor, where such orders require acceptance without this Commonwealth before becoming binding contracts."

Accordingly, we enter the following

## ORDER

And now, October 22, 1973, it is ordered and decreed that defendant's preliminary objections be and the same are hereby dismissed. Defendant may plead to plaintiff's complaint within 20 days hereof.